MARIO RODRIGUEZ
State Bar No. 95972
45-841 Oasis Street, Suite 5
Indio, California 92201
Telephone 760) 347-7771
Facsimile: 760-775-3380
email: mrzh11@gmail.com

Attorney for Defendant,
Jesus Celaya

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:21-cr-00225-WBS-1 |
| Plaintiff, | **MEMORANDUM IN SUPPORT OF MOTION FOR BAIL REVIEW** |
| vs. | DATE: June 14, 2022 |
| JESUS CELAYA, et al, | TIME: 2:00 p.m. |
| Defendant, | COURT: Honorable Kendall J. Newman |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR BAIL REVIEW**

**I.    INTRODUCTION**

Defendant Jesus Celaya made his initial appearance in this case on September 22, 2021. At that time, counsel submitted on the issue of detention subject to the development of additional facts which may warrant further consideration.

The Court held Mr. Celaya based upon the Complaint (ECF 1) and set the preliminary hearing for October 13, 2021. ECF 8. On September 28, 2021, the preliminary hearing was reset for November 8, 2021. ECF 20. On October 28, 2021, the preliminary hearing was reset for November 24, 2021. ECF 29. On November 18, 2021, an Indictment was issued. ECF 30. On November 24, 2021, Mr. Celaya was arraigned on the Indictment and a Status Conference was set

for January 24, 2022. ECF 33. On January 5, 2021, Mr. Celaya substituted in new counsel. ECF 35. On January 21, 2022, the Status Conference was reset for March 28, 2022. ECF 37. On March 23, 2022, the Status Conference was reset for May 2, 2022. ECF 40. On April 28, 2022, the Status Conference was reset for June 27, 2022. ECF 42.

Mr. Celaya comes now with several suitable third-party custodians, residence, bond package, and release plan to overcome any presumption of danger and flight risk. Specifically, Mr. Celaya's retired parents, Jesus and Socorro Celaya, have agreed to have Mr. Celaya live with them and their adult daughters Laura Celaya and Maria Angelica Celaya. Mr. Celaya's mother Ms. Socorro Celaya feels very strongly that she would like her son home during this time and will make sure that he will abide by all of the court's orders.

## II.     ARGUMENT

In order to continue to detain Mr. Celaya, the Court must find by clear and convincing evidence that there is no condition or combination of conditions that will assure that he will not flee or pose a danger to the safety of any other person or the community, or that he is unlikely to abide by any condition or combination of conditions of release. 18 U.S.C. § 3142(g). Courts also take into consideration the nature and circumstances of the offense charged, the weight of the evidence, and the history and characteristics of the defendants. 18 U.S.C. § 3142(g). Moreover, the Bail Reform Act of 1984, 18 U.S.C. §§ 3141, et. seq., requires the release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(c)(2); *United States v. Motamedi*, 767 R.2d 1403, 1405 (9th Cir.1985). Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

In Mr. Celaya's case, with his proffered bond package and release conditions, he is not a flight risk or danger to the community. His history, characteristics, and significant family and work ties to the Sacramento area establish his ability, motivation, and likelihood to follow all the rules and court conditions.

These factors, along with the nature and circumstances of the charged offense and the

weight of the evidence, together favor release.

### a. Mr. Celaya is not a flight risk or a danger to the community

Although this is a presumption case, Mr. Celaya overcomes the presumption as an individual with a minimal criminal record, very strong ties to the Sacramento area, an appropriate bond package, third-party custodian, and strong release plan. Mr. Celaya proposes that he leave custody to be under the daily supervision of his retired parents. They have no criminal record and also have strong ties to the Sacramento area, having raised five children in Sacramento, four of whom who are still living and continue to live in the area. If released immediately, he has a job to which he can return and work full time, just as he did until he was arrested for the instant offense. With the above considerations, and in consideration of the factors discussed below, Mr. Celaya overcomes the presumption of danger and flight and should be released.

### b. Nature and circumstances of the offense

The Indictment in this case charges the defendant with a violation of 21 U.S.C. §§ 846, 841(a)(1) – conspiracy to distribute and possess with intent to distribute at least 500 grams mixture and substance containing methamphetamine (Count One) and two violations of 21 U.S.C. § 841(a)(1) – distribution of at least 500 grams of a mixture and substance containing methamphetamine (Counts Two and Three).

### c. Weight of the evidence

The weight of the evidence in this case is not a factor in Mr. Celaya's favor. There is wiretap evidence.

### d. History and characteristics of the defendant

Mr. Celaya, 40, was born in Mexico and came to the Sacramento area in 1995, when he was thirteen years old. He has lived here since. He has two young sons, Jesse Celaya, who is 16 years old, and Emiliano, who is six. His entire nuclear family, consisting of four sisters and his parents. with the exception of one brother, continues to live in the Sacramento area. Mr. Celaya's parents, Jesus and Socorro, are retired. Mr. Celaya's sisters, Laura Celaya and Maria Angelica, live with their parents Jesus and Socorro. Each member of his nuclear family will do what they can to assure that Mr. Celaya returns to court. He has three friends who have stated that they are willing to

post an unsecured bond to assure that Mr. Celaya returns to court.

Upon release, Mr. Celaya will try to resume his work in construction. Mr. Celaya suffered a back injury but will do his best to work again. Mr. Celaya worked for CVC Corporation for six years as a laborer.

In sum, Mr. Celaya's life is firmly rooted in Sacramento. His lack of significant record, bond package, and release conditions overcome the presumption of danger or flight. Finally, his lengthy record of making good decisions, following the rules, and being productive, is strong evidence of his ability and likelihood that he will meet or exceed the expectations of the Court and Pretrial Services if released.

### III.    CONCLUSION

For the reasons stated, the defendant Jesus Celaya respectfully requests the Court release him from custody subject to appropriate conditions of release.

Dated: June 6, 2022         /s/ Mario Rodriguez
                            MARIO RODRIGUEZ
                            Attorney for Defendant
                            JESUS CELAYA